Nov. Term, 1860.

THE EVANS-
VILLE AND
CRAWFORDS-
VILLE RAIL-
ROAD CO.
v.
LOWDERMILK

----•◦•----

THE EVANSVILLE AND CRAWFORDSVILLE RAILROAD COM-
PANY *v.* LOWDERMILK, Administrator of SMITH.

Suit against the railroad company for causing the death of *S.,* by running their cars over him, while crossing the railroad track upon a public highway. The Court instructed the jury, that though deceased was in fault in being upon the railroad track, yet if the company's agents were guilty of gross negligence in running over him, by which is meant a want of such care as very prudent persons take of their own concerns, the plaintiff was entitled to recover.

*Held,* that if deceased's own negligence and want of ordinary care contributed to his death, the company can not be held liable, although guilty of negligence, unless that negligence was so gross as to imply a willingness to inflict the injury.

*Held,* also, that the want of such care as very prudent men take of their own concerns, does not constitute such gross negligence as would render the company liable, if deceased, by his own negligence, contributed to his death; while the exercise of such care would render the company excusable, although deceased was also without fault.

*Held,* also, that 1 R. S. 1852, § 3, p. 426, was repealed by 2 R. S. 1852, § 784, p. 205; and that by the latter section, when the death of one is caused by the wrongful act of another, the representatives of the former can maintain an action only in cases where the former might, had he lived, have maintained an action for the injury.

APPEAL from the *Vigo* Common Pleas.

WORDEN, J.—*Smith*, the deceased, was killed by a train of cars of the company, while crossing the railroad track upon a public highway, and this suit was brought by his administrator, under the provisions of our statute, to recover damages.

Trial by jury: verdict and judgment for the plaintiff, a new trial being denied.

On the trial, the Court gave to the jury the following charge, to which exception was taken by the defendant, viz:

"The proposition that unless the defendant is proved to be in fault no recovery can be had, needs no argument to support it, as it is one which strikes the common sense of any one. Where there is no fault there can be no blame; and I instruct you, that if the cars were running upon time at their usual rate of speed, and the bell was rung at a reasonable distance from the crossing, there is no blame on the part of the defendant, and no recovery can be had against the company. If, however, you find that the defendants did not exercise this degree of care, you will then inquire whether there was any fault on the part of *Smith*. If you find there was, and that he in any way contributed to his death by his own negligence, you will find for the defendant, even though you may find that the defendant was also in fault, as the law will not adjust the balance of blame between the parties."

"The foregoing instructions, however, are intended to refer to cases of ordinary care on the part of the plaintiff, and not to cases of gross negligence. For, even though you may find that *Smith* was in fault in being upon the railroad track at the time he was killed, yet if you are of the opinion, from the evidence, that the defendants were guilty of gross negligence in running over him, you will find for the plaintiff. By gross negligence is meant a want of diligence, or, in other words, a want of such care as very prudent persons take of their own concerns."

The latter branch of this instruction seems to us to be radically wrong. As we understand it, and as we suppose the jury must have understood it, it assumes that although *Smith* might have been guilty himself of negligence, which

*Nov. Term,*
*1860.*

THE EVANS-
VILLE AND
CRAWFORDS-
VILLE RAIL-
ROAD CO.
*v.*
LOWDERMILK.

*Friday,*
*November* 30.

Nov. Term, 1860.

THE EVANS-
VILLE AND
CRAWFORDS-
VILLE RAIL-
ROAD CO.
v.
LOWDERMILK.

contributed to his death, in being upon the railroad track at the time he was killed, yet if the agents of the company running the train were guilty of gross negligence in running over him, the defendant was liable; and that the want of such care as very prudent men take of their own concerns, constitutes such gross negligence as would render the company thus liable.

It is well established by the authorities, that if *Smith's* own negligence and want of ordinary care contributed to his death, the defendant can not be held liable, although guilty of negligence; unless, indeed, that negligence was so gross as to imply a willingness to inflict the injury. Red. on Railways, 394.

However difficult it may be to define precisely the idea intended to be conveyed by the phrase "gross negligence," it is clear that the want of such care as "very prudent men take of their own concerns," does not constitute such gross negligence as would render the company liable, if *Smith's* own negligence contributed to his death. The want of such care would amount, at most, to ordinary neglect only. While the exercise of such care would render the company excusable, although *Smith* himself was without fault. *The Indiana Central Railway Co.* v. *Hudelson,* 13 Ind. 325, and authority there cited.

The appellee insists, however, that the statute on which the suit is based authorizes a recovery, although *Smith's* own negligence may have contributed to his death. We are referred to 1 R. S. 1852, § 3, p. 426. We need not inquire whether this section admits of the interpretation claimed, as it was repealed by 2 R. S. 1852, § 784, p. 205. *The President, &c. of the P. and I. Railroad Co.* v. *Bradshaw,* 6 Ind. 146; *The Madison, &c. Railroad Co.* v. *Bacon,* id. 205; *The Indianapolis, &c. Railroad Co.* v. *Davis,* 10 Ind. 398.

By the latter statutory provision, when the death of one is caused by the wrongful act of another, the representatives of the former can maintain an action against the latter only in cases where the former might, had he lived, have maintained an action against the latter for the injury. Had

*Smith* lived, and sued for the injury which caused his death, it is clear that his own negligence, were he guilty of any, would have materially affected his right of recovery.

*Hanna*, J., having been of counsel, was absent.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for a new trial.

*J. P. Usher*, for appellant.

*R. W. Thompson* and *T. H. Nelson*, for appellee.

Nov. Term, 1860.

(1) By Mr. *Usher*, for appellant: If the negligence of the deceased contributed to the injury complained of, in any substantial degree, no recovery can be had; and it makes no difference which was most in fault. *Haring* v. *New York and Erie Railroad Co.*, 13 Barb. 9; *Runyon* v. *New Jersey Central Railroad Co.*, 1 Dutch. N. J. 556; *Terry* v. *New York Central Railroad Co.*, 22 Barb. 574; 16 Ill. R. 200, *id.* 558; *Aurora Branch Railroad Co.* v. *Grimes*, 13 Ill. R. 585; 38 Maine R. 443; 9 Foster, (N. H.) 9; 21 Barb. 339; 4 Zabr. (N. J.) 268.

The burden of proof is upon the plaintiff, in this class of actions, to show that the deceased, at the time of the injury, was not negligent. *Parks* v. *O'Brien*, 23 Conn. 339; *Lane* v. *Crombie*, 12 Pick. 177; 2 Kernan, (N. Y.) 236; *Hyde* v. *Jamaica*, 1 Williams, (Vt.) 443.

