THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY *v.* GRAHAM.

PLEADING.—*Negligence.*—*Wilful Injury.*—*Railroad.*—A complaint against a railroad company alleging that the plaintiff was on the track of the defendant's road, and without any warning to him, and without any fault on his part, the locomotive was negligently run against him, etc., is substantially good. Such complaint is also good, if it is alleged that the defendant wilfully and purposely and with great force ran the locomotive against the plaintiff.

RAILROAD.—*Agents and Servants.*—*Line of Duty.*—*Wilful Acts.*—The agents and servants of a railroad company while engaged in running a train of cars are in the line of their duty, and for their acts wilfully done while so engaged the company is liable.

PRACTICE.—*Motion to Strike Out.*—A judgment will not generally be reversed because the court below has refused to strike out part of a pleading.

SAME.—*Bill of Exceptions.—Instructions Given.*—Where instructions given
are not included in any bill of exceptions or signed by the judge, though copied
by the clerk in connection with the reasons for a new trial, they are not before
the Supreme Court for any purpose.

SAME.—*Instructions Refused.*—Where instructions refused are copied by the clerk
in connection with the reasons for a new trial, but are not in a bill of excep-
tions and are not signed by anybody, and it is not noted upon them by coun-
sel that they were refused and excepted to, they are not in the record.

NEGLIGENCE.—*Contributory Negligence.—Railroad.*—Where a person walked
upon the track of a railroad, knowing that it was time for a train going in the
same direction, and looked back several times, but did not see the train or
hear any signal, though he thought he heard it come to the point from which
he started, and he could have seen the train for nearly a quarter of a mile, but
did not observe it until it struck him, and he was injured thereby, and those
in charge of the train, on observing that said person was heedless of the
approaching danger, made the usual efforts to stop the train and avoid running
upon him;

*Held*, that he could not recover for the injury.

SAME.—*Walking on Track.*—It cannot be required of persons managing a loco-
motive and train of cars that they shall stop the train whenever any one is
seen upon the track, especially at points where many persons are passing and
crossing the track. They have a right to presume that persons walking along
or across the track will not remain until an approaching train is upon them.

From the Putnam Circuit Court.

*R. W. Thompson, D. E. Williamson,* and *A. Daggy,* for
appellant.

*S. Claypool, C. C. Matson, L. P. Chapin,* and *J. McClary,*
for appellee.

DOWNEY, J.—This was an action by the appellee against
the appellant. The complaint consisted of three paragraphs.
The defendant demurred separately to each paragraph, on
the ground that it did not state facts sufficient to consti-
tute a cause of action, and the demurrers were all overruled.
The defendant then moved the court to strike out part of
the third paragraph of the complaint, which motion was also
overruled. The defendant then put the case at issue, by a
general denial of the complaint. A trial by jury ended in a
verdict for the plaintiff. A motion made by the defendant
for a new trial was overruled, and final judgment was ren-
dered for the plaintiff.

The errors assigned present the questions as to the suffi-

ciency of the complaint, the correctness of the ruling of the court in refusing to strike out part of the third paragraph of the complaint, and refusing to grant a new trial.

In the first paragraph of the complaint, it is alleged that at the time of the grievances mentioned, to wit, on the 27th day of April, 1870, the defendant so negligently managed its road that a conductor, engineer, and other employees in the employ of said company were running a locomotive and train of passenger cars on its track west from Greencastle, etc., and did then and there so carelessly and negligently run and manage said locomotive and train, that without giving the plaintiff any warning of the approach of said locomotive and train, the locomotive drawing said train was then and there negligently run against the plaintiff with great force and violence, without any fault of the plaintiff; by means whereof one of the legs of said plaintiff was broken, and he was then and there greatly bruised, hurt, and wounded, from which he suffered great bodily pain for sixteen months, and was during that time, and still is, wholly hindered and disabled from attending to his affairs and following his trade, is injured in his health, and in the use of his leg, and has incurred expense, etc.; wherefore, etc.

In the second paragraph, it is alleged that, on, etc., the plaintiff was walking on the track of the road of said company, on the ends of the ties of the track, going from Greencastle to Greencastle Junction, in, etc.; that he did not know that a locomotive and train of cars was approaching him; that the employees of the company well knew that the plaintiff was on the track, and in danger; yet the defendant so negligently managed its road that the conductor, engineer, and other employees of the company, running a locomotive and train of cars on said road, so carelessly run and managed the same, that without giving the plaintiff warning of the approach of the same, the locomotive, etc., were then and there wilfully and purposely, and without any regard to the life or rights of the plaintiff, with great force and violence,

run against him, without any fault of the plaintiff; by means whereof one of his legs was broken, etc., concluding as in the preceding paragraph.

In the third paragraph, it is alleged that, on, etc., that portion of the defendant's road between Greencastle Junction and the depot at or near Greencastle had long been, and then was, used with the license and consent of the defendant as a way for foot passengers to pass and repass in and along; and the plaintiff, on, etc., was passing on the said portion of the road on foot, as he had been accustomed to do; and the defendant, well knowing the premises, on, etc., wilfully and purposely, and without any regard for the rights or life of the plaintiff, with great force and violence, ran their locomotive against him, without any fault on his part; by means whereof, etc., concluding as in the first and second paragraphs.

It must be understood, although the fact is not expressly stated in the first paragraph of the complaint, that the plaintiff was on the track of the road, for otherwise he would not have been struck by the locomotive. The facts are, then, that the plaintiff was on the track of the defendant's road, and without any warning to him, and without any fault on his part, the locomotive was negligently run against him. Substantially, we think, this is a good cause of action. We cannot say, from the simple fact that the plaintiff was on the track of the road at the time, that he was guilty of negligence contributing to the injury, when it is alleged that the plaintiff was without fault. It cannot be inferred that he was wrongfully on the road, for then he would not have been without fault. The particulars with reference to this could have been, and probably were, disclosed by the evidence.

The second paragraph is clearly sufficient. The plaintiff it is alleged was on the track of the road of the defendant, without fault on his part, and the defendant " wilfully and purposely, and without any regard to the life or rights of the plaintiff, with great force and violence, ran the locomotive against him." If it could be said that the plaintiff was neg-

ligently and wrongfully on the track of the road, still this would not warrant the defendant in "wilfully and purposely" running upon him. *The Evansville and Crawfordsville R. R. Co.* v. *Lowdermilk*, 15 Ind. 120; *Wright* v. *Brown*, 4 Ind. 95; *Davies* v. *Mann*, 10 M. & W. 546.

The third paragraph is in all essential respects like the second. Whether the allegation that the portion of the road in question was used as a footway for persons to travel upon, with the consent of the company, is material or not, it is alleged that the plaintiff was upon the track of the road, and that without any fault on his part the locomotive was wilfully and purposely run upon him.

Counsel for appellant contend, however, that the action cannot be maintained against the company for the wilful and intentional act of the servant of the company, not occasioned in the course of his employment, and in pursuit of the regular business of the company. This is probably true. But in this case the agents and servants of the company were in the line of their duty in running the train; and for their acts wilfully done while so engaged, the company is liable. *The Jeffersonville R. R. Co.* v. *Rogers*, 38 Ind. 116; *The Indianapolis, etc., R. R. Co.* v. *Anthony*, 43 Ind. 183.

The motion to strike out part of the third paragraph of the complaint embraced the following part thereof:

"That portion of defendant's road which lies between Greencastle Junction and the depot of said defendant at or near the city of Greencastle, in said county, had long been and was then and there used with the license and assent of defendant as a way and road for foot passengers to pass and repass in and along said road between said Junction and said depot; and the said plaintiff on the day and year aforesaid was passing on said portion of said road, on foot, as he had been accustomed, and had a right to do, and the defendant well knowing the premises, on the day and year aforesaid."

We are not prepared to say that this language shows that the public had acquired a right of way over the track of the railroad company. But perhaps the allegation shows, taken

altogether, that the plaintiff was not wrongfully on the railroad track, but was there by the leave and license of the defendant. At all events, the general rule established in this court is not to reverse a judgment because the inferior court has refused to strike out part of a pleading. It may be that no evidence was given under the allegation. If evidence was offered and admitted under such allegation, to the injury of the party, and the question was properly reserved, the court might then deem it a cause for a reversal of the judgment.

The remaining question is as to the correctness of the ruling of the court in refusing to grant a new trial. The first ground for a new trial is, that the court erred in giving charges numbered six, seven, eight, nine, ten, twelve, and seventeen. These instructions appear in the transcript, copied into the motion for a new trial. They are not in any bill of exceptions, nor are they signed by the judge. They appear to have been copied into the record by the clerk, of his own motion, in connection with the reasons for a new trial. This does not make them a part of the record. Instructions given must be in a bill of exceptions, or they must be signed by the judge. Otherwise, they are not properly any part of the record. This has been so often ruled that we deem it unnecessary to cite cases.

The next reason for a new trial is the refusal of the court to give instructions numbered one, two, six, seven, eight, nine, eleven, twelve, thirteen, fifteen, sixteen, seventeen, nineteen, twenty, twenty-one, twenty-two, twenty-three, and twenty-four. These instructions are also copied by the clerk in connection with the reasons for a new trial, but they are not in any bill of exceptions, nor are they signed by anybody, nor is it noted upon them by counsel that they were refused and excepted to. Hence these, like the other instructions, are not before us for any purpose.

The other reasons for a new trial question the sufficiency of the evidence to justify the verdict of the jury.

The facts of the case, so far as necessary to be stated, as given by the plaintiff himself in his testimony, are, that he

started from the depot at Greencastle to walk on the track of the road to the Junction, a mile or so west of the depot. He knew that it was train time, and looked back several times ; did not see the train approaching, and heard no signal to warn him, although he thinks he heard the train come to the depot which he had just left. He was walking on the ends of the ties, on the north side of the track. He could see back nearly a quarter of a mile. The train was a passenger train, was running rapidly, and going west after the plaintiff. He did not observe the train until it struck him. The train stopped after striking him, took him into the baggage car, and took him back to Greencastle depot. His leg was broken.

The testimony of the other witnesses tends very strongly to show that the usual alarm was given by sounding the whistle and ringing the bell one hundred and fifty yards from the point at which the cars struck the plaintiff; that the plaintiff was in a deep study, and not attending to the approaching train ; that the brakes were used, and the ordinary efforts, by reversing the engine, made to arrest the train, and avoid running upon the plaintiff.

Several witnesses testified that the plaintiff said, immediately after the injuries, that he did not blame those in charge of the train ; and one testified that he said he was as much to blame as the servants of the company.

It appears from the evidence that it was common for persons to walk on that part of the track of the road.

We think there is little, if any, evidence of negligence on the part of the servants of the company. It cannot be expected that persons who may be on the track of a railroad, when a train is approaching, will remain until the train is upon them. It cannot be required of those managing trains that they shall stop the train whenever any one is seen on the track, especially at points where many persons are passing upon and crossing the same. The evidence shows no consent or license from the company to the use of its track as a way for travel by persons on foot. In our opinion, the

plaintiff was so negligent in being upon the track of the road,. under the circumstances, that he cannot recover against the company, even if the evidence showed negligence on the part of the company. To entitle him to recover on the ground of negligence, the plaintiff must have been free from negligence on his part contributing to the injury. *The Evansville and Crawfordsville R. R. Co.* v. *Lowdermilk, supra ; The Indianapolis and Cincinnati R. R. Co.* v. *Rutherford,* 29 Ind. 82. There are many other cases in this court to the same effect..

The judgment is reversed, with costs, and the cause remanded for a new trial.