## Morales *v.* Central Machete.*

### Appeal from the District Court of Guayama.

No. 36.—Decided June 19, 1905.

Action—Legal Entity—Demurrer.—When an action is brought against a legal entity it should be so stated in the complaint, whether it is a corporation or partnership, specifying the members composing the latter or the officers representing the corporation, and indicating the persons who are responsible for the acts referred to in the complaint, as well as the person upon whom service of process must be made, as a failure so to do would render the complaint subject to demurrer on account of a deficit of parties defendant.

Evidence—Contradictory Testimony.—Where the evidence of witnesses is contradictory it is the duty of the jury, and if there is no jury, then the trial court, to endeavor to harmonize and reconcile the contradictions if possible, but if not possible, it must decide to what part credence should be given.

Id.—Findings of Fact of the Trial Court—Appeal.—The findings of fact of the trial court, where the testimony is contradictory, must be respected by the appellate court, unless it be shown that there has been an abuse of the discretion of the court below in this respect.

Id.—Burden of Proof.—The burden of proof in any action is upon the plaintiff, who must establish facts sufficient to justify a judgment in his favor. The defendant has nothing to prove until the plaintiff shall have proved *prima facie* his cause of action.

Accidents—Damages and Losses.—According to the law governing the liability of employers for accidents to employes, the plaintiff is required to prove that he is an employe of the defendant, and that being in his service he was injured by reason of the fault or negligence of such defendant or of his agents or employes, or by reason of defects in the machinery or the lighting of the place; and, furthermore, he must prove that the accident was not due to carelessness or failure to exercise due diligence on his part.

Id.—Trespasser.—Every person who without any right whatever enters upon the property or into the establishment of another is a trespasser and does so at his own risk, and if he should sustain any injuries from the working machinery he will have no right of action for damages unless such injuries are inflicted voluntarily and intentionally.

The facts are stated in the opinion.

*Mr. Benitez Castaño* for appellant.

*Mr. López Landrón* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

---

*The translator has not felt at liberty to attempt to harmonize the discrepancies existing betwen the Spanish and English versions of this opinion because both are signed copies.

This is an appeal from a judgment rendered by the District Court of Guayama, on the 28th day of February, 1905, in favor of the defendant, acquitting it of all obligation on account of the injuries complained of, and against the plaintiff for all costs of the suit.

We might say at the outset that this action could have been dismissed in the district court on account of a defect of parties defendant. The complaint is made against the "Central Machete" without alleging whether the said defendant was a corporation or a partnership, or stating who composed the partnership, or who were the officers of the corporation, or mentioning any individual as responsible, or designating any person upon whom service of process could be made.

This loose method of pleading should not be tolerated; but since no objection was made by the defendant below, and no notice was taken of the matter in the trial court, and nothing was said on the subject in the argument here, and the briefs are silent on the point, it will be passed over merely with this disapproval; and the case will be examined as presented by the record.

The plaintiff brought his action on the 21st of November, 1904, alleging in affect that he was temporarily employed by the defendant company to take the place of another man in the management of a carrier, or some such piece of machinery, and that he worked for several hours, until about 11 o'clock at night, when, on account of the defective lighting facilities, the lights went out and he was left in darkness, and that at that moment he was caught in the machinery and his arm torn off, and that this injury was caused by the negligence of the company and its employes. He lays his damages at the sum of $2,000, the maximum limit fixed by the statute.    (Rev. Stat., sec. 323, p. 151.)

The defendant made answer to the complaint, in defence denying that the plaintiff had ever been in the employ of the defendant, or that he was ever engaged in cleaning the carrier,

and alleging that at 11 o'clock of the night on which the accident occurred the establishment was amply lighted with petroleum and candles, and denying that the darkness was the cause of the accident, also denying other subsidiary allegations, and especially that the negligence of the company and its employes was the proximate cause of the accident. And the defendant further specially denies that José Morales Sotomayor was ever in its employ, or that he had ever received any wages from it, and alleges that he was an intruder upon the premises of the defendant on the night in question, and entered without permission into a part of the premises reserved for employes; and further that the recklessness, carelessness or perhaps the ignorance or stupidity of the plaintiff was the proximate cause of the accident, the answer concluding with a prayer that the defendant be acquitted of all liability and recover of the plaintiff its costs.

The case was tried before the court, and, after hearing all the evidence adduced, judgment was rendered in favor of the defendant that it be acquitted of all liability, and that plaintiff take nothing by his suit and pay all the costs.

The weight of the evidence shows the following to be a fair summary of the facts proved on the trial. José Morales Sotomayor, being out of employment, went from Ponce to the Central Machete in search of work. He engaged in conversation with some of the laborers and agreed to take the place of Sebastian Peña, one of them who had been employed for forty-eight hours and was completely worn out. He was not observed by the foreman or the superintendent, and only two or three of the laborers knew that he was in the central, until the alarm was given that a man had been killed or hurt. He seems to have been there for several hours, and by some means was caught in the machinery or a moving carrier or belt, and was suspended in such a way as to badly injure his arm which had to be amputated. There is a conflict of evidence in regard to his employment. The plaintiff, and three of the employes who have since been discharged, testified

that the foreman Jaime Filippi told him to go to work and ordered Sebastian Peña, whose place he supplied, to give him the necessary instructions. This is denied by the foreman; and the superintendent testified that he alone had authority to employ laborers, and that plaintiff was not employed and was an intruder on the premises. The foreman testified that he did not know the man, had not seen him, and did not know that he was on the premises until he was hurt and the alarm given.

There is also a slight conflict in regard to the lighting of the mill. Two or three of the witnesses testify that at one time during the night the lights went out, leaving the establishment for a time in darkness, but all the rest testify that the light was ample and sufficient and that there was no temporary cessation of its rays. In these conflicting particulars the trial court evidently found in favor of the company that the plaintiff was not an employe and that the light was sufficient. In cases of conflicting testimony it is the province of the jury, or in the absence of a jury of the trial court, to reconcile the conflict if possible, and if not, to decide to which party credence should be given. The discretion and the responsibility rest in the court below, and unless the same is shown to have been abused the conclusion reached should not be disturbed by this court on appeal. Then the facts must be found in favor of defendant in so far as the testimony is in conflict. (*Stuart* v. *Hayden,* 169 U. S., 14; *Dravo* v. *Fabel,* 132 U. S., 490; *Verges* v. *Pietri,* decided by this court on 17th of the present month.)

And it is further incumbent on the plaintiff on the whole case, to show, by the evidence, sufficient facts to warrant the court in giving judgment in his favor. He has the burden of proof, the laboring oar. The defendant is not required to prove anything until the plaintiff has made out his *prima facie* case. (*Hough* v. *Tx. & Pac. R. R. Co.,* 100 U. S., 213; *Central R. & B. Co.* v. *Sears,* 59 Ga., 436; *B. & H. R. R. Co.*

v. *Whittington*, 30 Grat., 805; *Ill. Cent. R. R. Co.* v. *Koup.*, 32 Ill., 235.)

The action is based, or appears so to be, on the Employers' Liability Act passed by the Porto Rican Legislature on the 1st day of March, 1902. (See Revised Statutes of Porto Rico, sections 322 *et seq.*) Under this statute the plaintiff must show that he is an employe of the defendant; that, without any carelessness on his own part he was injured through the fault or negligence of the defendant or his agents or employes, and the extent of his injuries. (*Southern Pac. Co.* v. *Seley*, 152 U. S., 156; *Chicago & N. W. R. R. Co.* v. *Bliss*, 6 Ill., 41; *Kroy* v. *Chicago R. D. & R. R. Co.*, 37 Iowa, 357.)

The evidence taken all together fails to show satisfactorily that the plaintiff was in the employ of the defendant. It rather shows that he was an intruder or a trespasser on the premises of the Central Machete, and that his presence there was unknown to the authorities of the company. A person entering without right on the premises of another is a trespasser and does so at his peril, and cannot recover for injuries sustained by the working of machinery, except when such injuries are inflicted wantonly, or with an evil intent. (*Little Schuylkill Nav. R. & Co.* v. *Norton*, 24 Pa. St., 465; *Phil. & R. R. Co.* v. *Hummell*, 44 Pa. St., 375; *Pittsburg Ft. R. & C. R. Co.* v. *Evans*, 53 Pa. St., 250; *Mulherrin* v. *Del. L. & W. R. Co.*, 81 Pa. St., 366; *Pittsburg Ft. W. & C. R. Co.* v. *Collins*, 87 Pa. St., 405; *Terre Haute & I. R. Co.* v. *Graham*, 46 Ind., 239.)

But even if he had been an employe of the company, the testimony fails to establish that the accident occurred to him while he was "himself in the exercise of due care and diligence," as required by the statute (Rev. Stat., p. 150). Nor does he show any defects in the machinery or lights, as alleged in the service of the Central Machete. Since the plaintiff on the trial failed to make out a case under the statute and under the general principles of law governing

such cases, the trial court correctly gave judgment against him. (*Patton* v. *Tx. & Pac. R. R. Co.,* 179 U. S., 663; *Hough* v. *Tex. & Pac. R. R., Co.,* 100 U. S., 213.)

On the appeal in this court no reason is shown for reversing the judgment of the court below; and it should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Wolf did not sit at the hearing of this case.