## MORALES v. LA CENTRAL MACHETE.

### APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 36.   Resuelto en Junio 23, 1905.

ACCIÓN.—PERSONA JURÍDICA.—EXCEPCIÓN PREVIA.—Cuando se entable una acción contra una *persona jurídica*, deberá expresarse en la demanda si aquélla es una corporación ó sociedad, especificando los miembros que componen esta última, ó los funcionarios que representen la corporación, é indicando las personas responsables de los actos á que se refiera la demanda, así como la persona que deba ser citada para contestarla, pues en su defecto, la demanda estará sujeta á la excepción de falta de parte demandada.

PRUEBAS.—DECLARACIONES CONTRADICTORIAS.—En los casos en que las declaraciones de lo testigos fueren contradictorias, corresponde á las atribuciones del jurado, y en su defecto á las del Tribunal sentenciador, procurar armonizarlas, y resolver el conflicto, si fuere posible, mas si no lo fuere, deberá decidir á qué parte debe darse crédito.

ID.—CONCLUSIONES DE HECHO FORMULADAS POR LA CORTE INFERIOR.—APELACIÓN.—Las conclusiones de hecho, formuladas por la Corte inferior en los casos de declaraciones contradictorias, deben ser respetadas por el Tribunal de Apelación, á no ser que se justifique que ha habido abuso de la discreción de la Corte inferior en este particular.

ID.—PESO DE LA PRUEBA.—El peso de la prueba en toda acción corresponde al de-

mandante, quien debe establecer los hechos que sean suficientes para justificar una sentencia á su favor; el demandado nada tiene que probar, hasta que el demandante haya probado su acción *prima facie.*

ACCIDENTES DEL TRABAJO.—DAÑOS Y PERJUICIOS.—Con arreglo á la ley que regula la responsabilidad de los patronos por los accidentes que sufran sus empleados, el demandante está obligado á probar que es empleado del demandado, y que, hallándose á su servicio, fué lesionado por culpa ó negligencia del mismo, ó de sus agentes ó empleados, ó por defectos en la maquinaria ó alumbrado del local, *probando, además, que el accidente ocurrió sin que mediara falta de cuidado ó debida diligencia por parte del demandante.*

ID.—TRANSGRESOR.—Toda persona que, sin derecho alguno, se introduzca en la propiedad ó establecimiento de otra, es un transgresor, (*trespasser*), y lo hace á su propio riesgo, y si sufriere algunas lesiones por el funcionamiento de maquinarias, etc., no tiene derecho á reclamar indemnización, á no ser que tales lesiones le hubieren sido ocasionadas voluntariamente, y con aviesa intención.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Benítez Castaño.*

Abogado del apelado: *Sr. López Landrón.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

La presente es un recurso de apelación interpuesto contra sentencia dictada por el Tribunal de Distrito de Guayama, en 28 de Febrero de 1905, á favor de la parte demandada, absolviéndola de toda obligación en cuanto á las lesiones que motivaron la demanda, y condenando al demandante al pago de todas las costas del pleito.

Diremos desde el principio, que esta demanda hubiera podido desestimarse por la Corte de Distrito, con motivo de un defecto en la forma de indicar la parte demandada. Se deduce la demanda contra la Central "Machete", sin expresar si la parte demandada era una Corporación ó una Compañía, ni manifestar quiénes componían la Compañía, ó quiénes eran los empleados de la Corporación, ni mencionar individuo alguno como responsable, ni designar ninguna persona á quien comunicar las diligencias judiciales.

Este método vago de entablar demandas no debía tolerarse; pero como no se ha presentado objeción alguna por parte del demandado en la Corte inferior ni se ha hecho

caso de ello en el Tribunal sentenciador, ni se ha dicho nada sobre el asunto en el informe oral pronunciado ante este Tribunal; y puesto que también los alegatos guardan silencio sobre este punto, lo pasaremos por alto con sólo esta desaprobación; y examinaremos la causa, según se presenta en los autos.

El demandante dedujo la demanda el 21 de Noviembre de 1904, alegando, en efecto, que había sido empleado temporalmente por la Compañía de la Central, para ocupar la plaza de otro hombre en el manejo de una maquinita de engranaje, dedicada á llevar el bagazo á la hornalla ó fuera de los establecimientos, y que había trabajado durante algunas horas, ó sea más ó menos hasta las once de la noche, cuando á consecuencia del alumbrado defectuoso, se apagó la luz y él se quedó á oscuras, y que en aquel momento fué cogido por la maquinaria que le destrozó por completo el brazo, y que esta lesión fué causada por la negligencia de la Compañía y sus empleados. El fija los daños y perjuicios sufridos por él, en la suma de (2,000) dollars, ó sea el máximum que fija la ley. Est. Revis. Sección 323, página 163.

La parte demandada contestó la demanda, negando en su defensa, que el demandante jamás haya estado en su servicio, ó que jamás haya estado ocupado en la limpieza de los cachimbos, y alegando que á las once de la noche en que el accidente ocurrió el establecimiento estaba profusamente iluminado con lámparas de petróleo y velas de esperma; y negando la alegación del demandante de que la oscuridad había sido la causa del accidente; así como otras alegaciones subsidiarias, y especialmente la de que la negligencia de la Compañía y sus empleados, había sido la causa próxima del accidente. Y la parte demandada niega, además, especialmente, que José Morales Sotomayor jamás haya estado en su servicio, ó que jamás haya recibido salario alguno de ella; y alega que él era un intruso en la finca de la parte demandada en la noche

en cuestión; y que había entrado sin permiso en una parte de la finca reservada para los empleados; y además, que la temeridad, el descuido ó tal vez la ignorancia ó torpeza del demandante, habían sido la causa próxima del accidente; terminando dicha parte su contestación con la súplica de que se le absuelva de toda responsabilidad, y que se le autorice á reclamar del demandante las costas causadas por la demanda.

Se vió la causa por el Tribunal, y después de oídas todas las pruebas aducidas, se dictó sentencia á favor de la parte demandada, absolviéndola de toda responsabilidad, y ordenando que el demandante no había de recobrar nada, en virtud de su demanda, y que debía pagar todas las costas.

La apreciación de las pruebas demuestra que lo siguiente es un resúmen exacto de los hechos probados en el juicio. Hallándose José Morales Sotomayor sin empleo, fué de Ponce á la Central "Machete" en busca de trabajo. El entró en conversación con algunos de los peones, y consintió en aceptar la plaza de uno de ellos, un tal Sebastián Peña, que había trabajado contínuamente durante 48 horas, y que estaba completamente cansado. No lo vió el capataz ni el administrador, y solamente dos ó tres de los peones sabían que él se hallaba en la Central, hasta que se dió la alarma de que se había matado ó herido un hombre. Parece que él había estado allí durante algunas horas, y que de algún modo fué cogido por la maquinaria ó por una correa que se hallaba en movimiento, y que él quedó colgado de tal manera que resultó destrozado su brazo, que hubo de amputarse. Hay una contradicción en las pruebas con respecto á su empleo. El demandante y tres de los empleados, que desde entonces han sido despedidos, declararon que el capataz, Jaime Felipe, le había dicho que fuera á trabajar, y que le había ordenado á Sebastián Peña, á quien sustituyó en su trabajo, que le diera las instrucciones necesarias. Esto lo niega el capa-

taz; y el administrador declara que él solo tenía autoridad para emplear peones, y que el demandante no había sido empleado, sino que era un intruso en la finca. El capataz declaró que no conocía al hombre, que no lo había visto, y que no supo que él se hallaba en la Central hasta que fué lesionado y se dió la alarma. También hay una ligera contradicción en cuanto al alumbrado de la Central. Dos ó tres de los testigos declaran que en una ocasión durante la noche, se apagaron las luces, quedando el establecimiento durante algún tiempo en oscuridad; pero todos los demás declaran que la luz era profusa y suficiente, y que no hubo cesación temporal de su resplandor. En cuanto á estos puntos contradictorios, el Tribunal sentenciador evidentemente llegó á la conclusión de que el demandante no había sido empleado de la compañía, y que la luz había sido suficiente. En los casos en que las declaraciones de los testigos son contradictorias, está dentro de las atribuciones del Jurado, ó en su defecto, dentro de las del Tribunal sentenciador, el reconciliar el conflicto si fuere posible, ó de lo contrario, decidir á qué parte se debe dar creencia. La discreción y la responsabilidad las tiene el Tribunal sentenciador, y á no ser que se demuestre que el Tribunal haya abusado de éstas, no deben alterarse por este Tribunal, con motivo de la apelación, las conclusiones formuladas por el Tribunal inferior. Por consiguiente, en cuanto á las declaraciones contradictorias, los hechos deben declararse á favor de la parte demandada.

Stuart v. Hayden, 169 U. S. 14.
Dravo v. Fabel 132 U. S. 490.
Vergés v. Pietri, decidido por esta Corte en 17 del presente mes.

Y además incumbe al demandante, en cuanto á toda la causa, demostrar por las pruebas, hechos que sean suficientes para justificar al Tribunal en dictar sentencia á su favor. El demandante tiene la obligación de presentar

pruebas; y suya es la labor. El demandado no tiene que probar nada hasta que el demandante no haya probado su causa *prima facie*.

Hough v. Tex. & Pac. R. R. Co. 100 U. S. 213.
Central R. & B. Co., v. Sears 59 Ga. 436.
B. & H. R. R. Co., v. Whithington 30 Grat. 805.
Ill. Cent. R. R. Co. v. Koup 32 Ill. 235.

La demanda está basada, ó parece estar basada en la *Ley relativa á la responsabilidad de los patronos, por accidentes que en su servicio, sufran sus empleados,* cuya Ley fué aprobada por la Legislatura de Puerto Rico, en 1o. de Marzo de 1902. (Véanse los Estatutos Revisados de Puerto Rico, Secciones 322 y siguientes).

Bajo esta Ley, el demandante debe demostrar que él es un empleado de la parte demandada; que sin descuido alguno, por su propia parte, ha sido lesionado por causa ó negligencia de la parte demandada, ó de sus agentes ó empleados, y el grado de gravedad de sus lesiones. Una persona que sin derecho á ello penetra en las tierras de otro, es un infractor y lo hace á su riesgo, y no puede reclamar indemnización por los daños causados por la maquinaria en acción, excepto cuando tales daños han sido ocasionados maliciosamente ó con intención dañada.

Little Schuylkill Nav. R. & Co. v. Norton, 24. Pa. St. 465.
Phil. & R. R. Co., v. Hummell, 44 Pa. St. 375.
Pittsburg Ft. W. & C. R. Co. v. Evans, 53 Pa. St. 250.
Mulherrin v. Del. L. & W. R. Co. 81 Pa. St. 366.
Pittsburg Ft. W. & C. R. Co. v. Collins, 87 Pa. St. 405.
Terre Haute & I. R. Co. v. Graham, 46 Ind. 239.

Las pruebas, consideradas en conjunto, no demuestran satisfactoriamente que el demandante estaba en el servicio de la parte demandada. Más bien demuestran que era un intruso en la Central "Machete", ó un violador de dicha propiedad; y que su presencia en la misma, era ignorada por las autoridades de dicha compañía. Pero aún

en el caso de que él hubiera sido un empleado de la citada compañía, no se ha probado por las declaraciones de los testigos que el accidente le ocurrió mientras "él mismo estaba ejercitando el debido cuidado y diligencia," según lo exige la referida ley. Estatutos Revisados, página 162. Ni tampoco ha demostrado defecto alguno en la maquinaria ó en el alumbrado según alega en su demanda ni negligencia alguna por parte de alguna persona al servicio de la Central "Machete". Puesto que el demandante no ha probado su derecho en el acto de la vista, con arreglo á ley y á los principios legales generales que rigen en tales casos, el Tribunal sentenciador procedió correctamente al dictar sentencia contra él.

Patton v. Tx. & Pac. R. R. Co. 179 U. S. 663.
Hough v. Tx. & Pac. R. R. Co. 100 U. S. 213.

En el recurso de apelación interpuesto para ante este Tribunal, no se ha demostrado motivo alguno para la revocación de la sentencia dictada por el Tribunal inferior, y por lo tanto debe confirmarse dicha sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández y Figueras.

El Juez Asociado Sr. Wolf no formó Tribunal en la vista de este caso.