THE OTTER CREEK BLOCK COAL COMPANY *v*. RANEY.

PRACTICE.—*Interrogatories to Jury.*—*Withdrawal of.*—Where particular questions of fact pertinent to the issues and not liable to be rejected as a whole on account of any objection to the character of the interrogatories in which they are embraced have been submitted to the jury, at the request of a party, and without objection from the adverse party, with the proper instruction to the jury in reference to finding thereon, and the jury has retired to consult upon the verdict, the court cannot withdraw said interrogatories from the jury over the objection of the party at whose request they were submitted, on the ground that the court was asked to require the jury to answer them unconditionally, and not upon the condition that they should render a general verdict.

APPEAL from the Clay Common Pleas.

WORDEN, J.—This was an action by the appellee against the appellant on contract. Issue, trial by jury, verdict and judgment for plaintiff.

The point on which we decide the cause is duly preserved and presented by exception.

At the proper time, the defendant submitted to the court twenty-four interrogatories to be propounded to the jury, and asked that the jury be required by the court to return answers to them; thereupon the court instructed the jury as follows, viz.: "The jury can either find a special or a general verdict, but if you find a general verdict for either party, then you must answer the interrogatories here presented by the defendant. If you find a special verdict for either party, then you need not answer the interrogatories."

After the jury had been out fifteen minutes considering of their verdict, on motion of the plaintiff's attorney, the court directed the bailiff of the jury to go to the jury room and get the interrogatories propounded by the defendant and bring them to the court, which was done; and after the jury had been out about ten minutes longer, the court directed them to be brought into court again, which was done, and the court thereupon instructed them as follows:

"Upon further consideration, it has been concluded to withdraw the interrogatories presented to be answered, and it will not be necessary for you to consider them further or return any answer to them, and you may now retire and return either a general or special verdict, as you see fit."

Exception was duly taken to all these proceedings by the defendant. The jury found a general verdict.

The "particular questions of fact" embraced in the interrogatories were germain and pertinent to the issues; at least, the most of them seem to have been. No motion was made to strike out or modify any of them. On the contrary, they were submitted to the jury without objection, and we think they could not have been rightfully rejected as a whole on account of any objection addressed to the character of the interrogatories themselves. But the ruling of the court in

withdrawing them from the jury is sought to be sustained on the ground that the court was originally asked to require the jury to answer them unconditionally, and not upon the condition that they found a general verdict. The court might have rejected them as unconditionally asked, but this was not done. On the contrary, the court required the jury to answer them on the proper condition, namely, that they should elect to find a general verdict. This comes to the same thing as if the court had been asked to require the jury to answer them on the condition named. The interrogatories were rightfully before the jury, with proper instructions to answer them or not, as they should elect to find a general or special verdict, and we think the court erred in withdrawing them from the jury.

The judgment below is reversed, with costs, and the cause remanded.

*H. W. Chase* and *J. A. Wilstach,* for appellant.

*S. Claypool* and *J. A. Matson,* for appellee.