## THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD· CO. *v.* GOLDSMITH.

PLEADING.—*Contributory Negligence.*—If a complaint against a railroad company for an injury to the person of the plaintiff shows by its statement of facts that the latter was himself guilty of negligence contributing to his injury, the complaint is bad, notwithstanding it may contain an averment that he was without fault.

RAILROAD.—*Exclusive Right to Use of Track.*—Between stations and public crossings a railroad track belongs exclusively to the railroad company, and all persons who walk, ride, or drive thereon are trespassers; and if such persons so walk, ride, or drive thereon at the sufferance or with the permission of the company, they do so subject to all the risks incident to so hazardous an undertaking, and if injured by a train of the railroad company, the company is not liable in damages, unless the injury was wantonly or intentionally inflicted.

From the Clark Circuit Court.

*G. V. Howk* and *W. W. Tuley,* for appellant.

*J. H. Stotsenburg* and *M. C. Hester,* for appellee.

BUSKIRK, J.—In this action, the appellee was the plaintiff, and the appellant was the defendant in the court below. The object of the action was to recover damages for a personal injury, which the appellee claimed he had sustained on the line of the appellant's road, through the carelessness and negligence of appellant's servants and employees.

There was issue, trial by a jury, verdict for the appellee, motion for a new trial made and overruled, and judgment on the verdict.

A reversal of the judgment is· asked upon two grounds:

1. That the court erred in overruling a demurrer to the complaint.

2. In overruling the motion for a new trial.

The first question presented for our decision is, whether the complaint was sufficient to constitute a cause of action.

It appears from said complaint, that appellant's road runs through the town of Henryville, in Clark county, Indiana; that at said town appellant maintained and used a switch or side track connecting with the main line of its road, for a

long time prior to September 30th, 1871; that for a long time before said day, the citizens of said town and vicinity, "with the knowledge and consent" of the appellant, had used the main and side tracks of appellant's road as "foot-paths," when not occupied by appellant's trains; that for many weeks, the appellant had run a regular daily passenger train, which passed over its road through said town every morning, but said train was never switched off upon said side track, nor did it stop at said town unless signalled so to do, but passed directly through upon said main track, of all which said facts the said appellee was on the morning of said day cognizant; that on the morning aforesaid, the appellee was walking upon said side track, going in the same direction as said train, and although he was aware that said train was approaching him, yet knowing that it was appellant's intention not to stop said train at said town, but to pass through on said main track, and knowing further that he was not in the way of the passage of said train over said main track, he remained upon the said side track, he being out of the reach of harm from any train passing on said main track; that as said train passed over the point where the said switch was connected with the main track, the locomotive and tender of said train were thrown from said main track, and while the coaches of said train passed on said main track, the locomotive and tender were driven upon said side track and along the space between said side and main tracks; that when the appellee first discovered that the locomotive was on said side track he was only ten yards in advance of it, which was rushing on with rapid speed; that appellee's only mode of escape from said side track and from said locomotive was to climb a steep embankment close beside said side track, which he instantly tried to do, but as he leaped from said side track he was struck by said locomotive, and thereby received the injuries complained of and which are particularly described; that for many weeks prior to said September 30th, the connection of said switch with said main track had been so much out of repair, that it

required more than ordinary care on the part of the person shifting said switch, that the rails of said main track, at the point where the said switch joined said main track, should be left so connected that trains could pass over said point with safety; that appellant had been repeatedly notified of said condition of said switch many days before the day aforesaid, but that appellant negligently and wilfully failed and refused to repair the same; that by reason of said defect in the connection of said switch with said main track and the appellant's negligence in the adjustment of the said rails of said main track when said switch was last shifted, prior to the passage of said train, the said locomotive and tender, on the morning aforesaid, were thrown from said main track; and that on the said morning when he was struck by the said locomotive, he had no knowledge of the said defective condition of the said switch, nor the improper adjustment of the rails of the said main track.

The rest of the complaint relates entirely to appellee's circumstances in life, the extent of his injuries, and his expenses incurred on account of his said injuries.

The first and principal objection urged to the complaint is, that it does not sufficiently appear therefrom that the injury, of which the plaintiff complains, was not caused by the fault and negligence of the plaintiff.

The averment must be either expressly made in the complaint, that the injury occurred without the fault or negligence of the plaintiff, or it must clearly appear from the facts which are alleged that such must have been the case. *The E. & C. Railroad Co.* v. *Dexter,* 24 Ind. 411; *The Jeffersonville Railroad Co.* v. *Hendricks' Adm'r,* 26 Ind. 228; *The Michigan, etc., Railroad Co.* v. *Lantz,* 29 Ind. 528; *The J., M. & I. Railroad Co.* v. *Hendricks,* 41 Ind. 48; *Riest* v. *The City of Goshen,* 42 Ind. 339.

There is in the present case no express averment that the injury complained of resulted without fault or negligence on the part of the plaintiff.

The question is then presented whether the facts stated in the

complaint clearly and plainly show that the injury occurred without the fault or negligence of the plaintiff.

The material facts bearing upon the question under examination are: The plaintiff was walking upon the side track of appellant's road which ran parallel with and in close proximity to the main track; that he was aware that the train was approaching him, but that he did not get off the track, because he did not know of the defective condition of the switch or the improper adjustment of the rails of the main track, and because he supposed that such train would pass over the main track, as had been its custom, and not over the side track on which he was at the time walking.

The main and controlling question is, whether the plaintiff was lawfully upon the track of the appellant's road. Had he a right to walk upon the track of appellant's road? If he had, he was lawfully there, and being lawfully there, he was guilty of no fault or negligence. If he was unlawfully there, he was a trespasser and walked there at his own hazard. In such case, the injury resulted from the culpable negligence of the plaintiff, and he cannot recover, although the appellant was guilty of negligence.

In the case of *The Terre Haute, etc., Railroad Co.* v. *Graham,* 46 Ind. 239, the plaintiff was injured while walking on the track of the railroad, by a passing train of cars; and this court held that the plaintiff was so negligent in being upon the track of the road, under the circumstances, that he could not recover against the company, even if the evidence showed negligence on the part of the company.

The case of *Gillis* v. *The Pennsylvania Railroad Company,* reported in 8 Am. Law Register, N. S. 729, and in 59 Penn. St. 129, is much in point. In that case, the plaintiff sought to recover for damages sustained by him by the falling of a platform at the station of Johnstown. President Johnson and a party of friends were travelling on the train, and it becoming known that the train would stop at such station for a short time to give the people an opportu-

nity of seeing and hearing the President speak, a large number of persons assembled upon the platform, which gave way and injured the plaintiff and many others, and killed several persons. The questions presented were whether the plaintiff was lawfully there, and whether he sustained such a relation to the company as rendered it liable for injuries resulting from the defective and insecure condition of the platform. The court held that the platform of a railroad company at its station or stopping place is in no sense a public highway. There is no dedication to public use as such. It is a structure erected expressly for the accommodation of passengers arriving and departing in the train and for such persons as go there to welcome a coming or speed a parting guest; to all such persons, the railroad company stood in such a relation as required care, and as to them the company was bound to have a structure strong enough to bear all who could stand upon it, and to all others they were only liable for wanton or intentional injury. It was further held that the owner of property was not liable to a trespasser, or to one who was on it by mere permission or sufferance, for negligence of himself or servants, or for that which would be a nuisance if it were a public highway or street, where all persons had a legal right to be without question as to their purpose or business. Especial reference was made to the case of *The Philadelphia and Reading Railroad Co.* v. *Hummell,* 44 Penn. St. 375. The plaintiff in that case was a boy of tender years, to whom no contributory negligence could be imputed. He was on the track of a railroad, not at a crossing. It was held that the railroad company, as to persons so on the track, were not bound to give any warning at starting. In that case, Mr. Justice STRONG said: "Blowing the whistle of the locomotive, or making any other signal, was not a duty owed to the persons in the neighborhood, and consequently the fact that the whistle was not blown, or a signal made, was no evidence of negligence."

And again: "There is as perfect a duty to guard against

accidental injury to a night intruder into one's bed chamber, as there is to look out for trespassers upon a railroad where the public has no right to be."

In support of the ruling in the principal case under review, reference was made to the following cases, which are here cited, for the convenience of reference : *Barker* v. *The Midland Railway Co.*, 18 C. B. 46 ; *Commonwealth* v. *Power,* 7 Met. 596 ; *Hall* v. *Power,* 12 Met. 482 ; *Harris* v. *Stevens,* 31 Vt. 79 ; *Deane* v. *Clayton,* 7 Taunt. 489 ; *Ilott* v. *Wilkes,* 3 B. & Ald. 304 ; *Bird* v. *Holbrook,* 4 Bing. 628 ; *Hounsell* v. *Smyth,* 7 C. B., N. S. 731 ; *Binks* v. *The South Yorkshire R. W. Co.,* 3 Best & S. 244 ; *Lygo* v. *Newbold,* 9 Exch. 302 ; *Knight* v. *Abert,* 6 Pa. St. 472 ; *Lynch* v. *Nurdin,* 1 Q. B. 29 ; *Wilson* v. *Brett,* 11 M. & W. 113.

There is a note in the Register by one of the editors fully approving the ruling, and citing some cases reported since the ruling was made in the above case, and they are *Gautret* v. *Egerton,* Law Rep. 2 C. P. 371, and *Holmes* v. *N. E. Railway Co.,* Law Rep. 4 Exch. 254. In the case last cited, which was an action to recover damages for an injury received at a railroad station in unloading coal, it was held that if the plaintiff had gone where he did by the mere license of the defendant, he would have gone there subject to all the risks attending his going.

In the case of *Pittsburgh, Ft. Wayne and Chicago Railroad Co.* v. *Evans,* 53 Penn. St. 250, it was held that a person who was on a railroad track, not at a crossing, was a trespasser and consequently guilty of such negligence that he could not recover for an injury received while travelling thereon, the injury not being wanton and intentional.

Railroad companies are justly and rigorously required to exercise the highest possible degree of care, skill, and foresight to avoid injury to passengers, and are liable for the slightest negligence, but they are not required to exercise the same degree of care, caution, and skill to avoid injury to persons who are trespassing upon their tracks and thereby endangering not only their own lives but the lives of the

persons who travel by rail. As to trespassers, they are only bound not to wantonly and intentionally injure them.

This court, in *Sherlock* v. *Alling*, 44 Ind. 184, uses the following language: "If the injured party be not a passenger, the defendant would not be required to exercise that degree of vigilance which would be required toward a passenger. Toward one, the liability would spring from a contract, express or implied, and upheld by an adequate consideration. Toward the other, there would be no obligation but that of justice and humanity."

. The appellant insists that there can be no wrongful act or omission, if the party has exercised due and ordinary care; that the law requires no more than ordinary care and skill of any one, to free him from the charge of wrong. The degree of care and skill required depends upon the relation of the parties.

The track of a railroad belongs to the company, and is in no sense a public highway to those who are not being transported thereon. At public crossings, the public have the right to cross the track of a railroad, but in so doing all persons are required to exercise reasonable care and caution to avoid receiving injury, and the company is compelled to exercise the same degree of care and caution to prevent the infliction of injury. But between the stations and public crossings the track belongs exclusively to the company, and all persons who walk, ride, or drive thereon are trespassers, and if such persons walk, ride, or drive thereon at the sufferance or with the permission of the company, they do so subject to all the risks incident to so hazardous an undertaking. While railroad companies cannot absolutely prevent the improper use of their tracks, they should withhold their consent to such use, not because it injures such tracks, but as a means of preserving the safety and lives of the many thousands who travel in the cars of such companies. There can be no safety to those who travel by rail, if the public are permitted to walk, ride, or drive on railroad tracks. Great

loss of life results from crossing the tracks of railroads, at public crossings and stations, where each party is required to exercise great care and caution. The frequent and terrible railroad disasters which are occurring in every section of our country render it imperatively necessary that greater care and caution should be used, not only by railroad companies, but by the public, to prevent the immense destruction of property and loss of human life; and while railroad companies should be held responsible for all consequences resulting from negligence, they should be protected in the free, undisturbed, and exclusive use of their tracks, except at public crossings and stations, when the public, exercising care and caution, have the right to use and cross such tracks.

The recent decision of the court of appeals in the State of Maryland, in *Lewis* v. *Baltimore and Ohio Railroad Co.*, published in the May number, 1874, of American Law Register, and the exhaustive note of the editor, fully support the views herein expressed. 13 Am. Law Reg., N. S. 284.

There is nothing in the present case tending to show that the injury received by the plaintiff was inflicted wantonly or intentionally, and as the plaintiff was himself guilty of gross negligence which contributed to his injury, it is unnecessary to inquire whether the railroad company was guilty of negligence; as in such case the plaintiff cannot recover, although the company may have been guilty of negligence.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the complaint.