The Cincinnati and Martinsville Railroad Co. *v.* Eaton, Administrator.

THE CINCINNATI & MARTINSVILLE RAILROAD CO. *v.* EATON, ADMINISTRATOR.

PLEADING.—*Injury or Death from Wrongful Act or Omission.*—A complaint for the death of a person caused by the wrongful act or omission of the defendant, is bad on demurrer, if it is not alleged therein that the person killed was not guilty of negligence contributing to his injury, or that he was without fault, and the facts alleged do not show that he was not guilty of such negligence, and it is not alleged that the defendant caused the injury wilfully or purposely, though it be alleged that the defendant inflicted the injury recklessly and with gross negligence.

From the Johnson Circuit Court.

*S. P. Oyler*, for appellant.

*T. W. Woollen*, for appellee.

WORDEN, C. J.—This was an action by the appellee against the appellant, to recover damages for the killing of the deceased, William Danly, by a locomotive engine, upon the appellant's railroad.

There were three paragraphs in the complaint, to each of which separate demurrers were filed, for want of sufficient facts. The demurrer was sustained to the second paragraph, but overruled as to the first and third, and the defendant excepted. Issues were joined, and the cause tried by a jury, resulting in a general verdict and judgment for the plaintiff.

Error is assigned upon the overruling of the demurrer to the third paragraph of the complaint. That paragraph is as follows:

"And for a further and third cause of action in this behalf, the said plaintiff says that he is the administrator of the estate of said William Danly, deceased, (in which character he brings this suit) duly appointed and qualified; that heretofore, to wit, on the 3d day of October, 1873, the said defendant was the owner of and operating a certain line of railroad running from the town of Fairland, in the county of Shelby, along and through the county of Johnson, and State of Indiana, to the town of Martinsville, in the county of Morgan; that that part of said railroad in the said county of Johnson runs through the town of Trafalgar, in said county; and that the part thereof that runs through said town of Trafalgar passes over and along a space of ground which is used by the citizens of said town as a public highway, or thoroughfare, and over, along and across which they are in the habit of passing and repassing; that houses were and are erected on and fronting the said thoroughfare, on both sides thereof, and it was and is necessary for the citizens of said town and others, when in said town on business, to pass along, over and across the said public highway; that on said 3d day of October, 1873, the said defendant was running an engine and tender over and along that part of said road passing through said town of Trafalgar, and the said decedent was in said town waiting for the train going east, for the purpose of getting on the same as a passenger; that said road runs though said town from east to west, and said decedent was on the north side of said road, and near to the platform of the station, which was on the south side of said track; that owing to the situation of said road and the number of persons passing over, along and across the track of said road, it became and was the duty of said defendant to pass through said town slowly and with care, and not to exceed six miles per hour; that the said decedent, being on the north side of said track, and desiring to get on the platform of the station at said town of Trafalgar, for the purpose aforesaid, on hearing the whistle of the approaching train, which was about the time fixed by the time table of said

road for the passing of the regular passenger train at said station, going east, started to cross the track of said road immediately east of said platform, having ample time to cross the same before the said train would pass the point of crossing, if the same had been run in a careful manner; that owing to a building located on said track and between the said decedent and the approaching train, the said decedent could not see said train until he got upon said track; that said defendant, in passing through said town at the time aforesaid, did not run slowly and with care, but recklessly and with gross negligence, in approaching and passing through said town, run their locomotive and tender aforesaid at the speed of from twenty to thirty miles per hour, and by means of said recklessness and gross negligence, the said defendant's engine ran against the said decedent, while crossing the track of said road, at the time and place aforesaid, and inflicted upon him, the said William Danly, injuries, from which he instantly died.

" And the plaintiff further says, that said William Danly, at the time of his death, was a resident of the State of Indiana, and left surviving him no widow, but the following children, who are his only heirs-at-law and next of kin, to wit: Mary Danly, aged —— years; Sarah Danly, aged —— years; and Nancy Danly, aged —— years. Wherefore," etc.

The objection urged to this paragraph of the complaint is, that it fails to show that the deceased himself was guilty of no negligence which contributed to the injury; and, in our opinion, the objection is well taken.

In *Higgins* v. *The Jeffersonville, Madison and Indianapolis R. R. Co.*, 52 Ind. 110, it was held, that a complaint was defective which did not show, by averment, or by the facts alleged, that the person injured was guilty of no negligence which contributed to the injury.

In the paragraph under consideration, there is no averment that the decedent was guilty of no negligence contributing to the injury, nor that he was without fault; nor

can we say that the facts alleged show that he was not guilty of such negligence. It seems to us that, although the deceased had time to cross the track after he heard the whistle, if the train had been run in a careful manner, and although he could not see the train, in consequence of the building, until he got upon the track, he might have been guilty of negligence in going upon the track without taking such precautions as were necessary to insure his safety. He knew the train was approaching, and we can by no means say that he was guilty of no negligence in going upon the track under the circumstances alleged. *The Jeffersonville, etc., R. R. Co.* v. *Goldsmith*, 47 Ind. 43.

If the paragraph had alleged that the injury was committed wilfully and purposely, the allegation that the deceased was guilty of no negligence would have been unnecessary; for if he had been wrongfully or negligently upon the track, that would not have justified the defendant in wilfully and purposely running upon him. *The Terre Haute, etc., R. R. Co.* v. *Graham*, 46 Ind. 239. But the allegations of the paragraph are not equivalent to such charge. It is alleged, that the train was run " recklessly and with gross negligence," and that, by means of said " recklessness and gross negligence," the engine ran against the deceased. This does not imply that the injury was inflicted either purposely or wilfully. The definitions of the word recklessness, as given by Worcester, are heedlessness, carelessness, negligence.

In the case of *The Lafayette, etc., R. R. Co.* v. *Adams*, 26 Ind. 76, it seems to us that the signification of the word recklessness was extended somewhat beyond its legitimate import; but however this may be, the complaint in that case contained the allegation that the injury was inflicted without negligence on the part of the plaintiff.

The demurrer to the paragraph, we think, was well taken, and should have been sustained.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.