THE INDIANAPOLIS AND VINCENNES R. R. Co. v. McCLAREN,.
ADMINISTRATOR.

RAILROAD.— *Wilful Killing.—Negligence.—Evidence.— Duty of Deceased.—*
*Presumption.*—In an action by an administrator, against a railroad com-
pany, to recover damages for the killing of the decedent, A., which was.
alleged to have been done " wilfully, carelessly and with gross negligence,"
the following facts were established : A. entered upon the railroad
track, and walked upon it thirty yards, in front of the train which struck
him ; the train was running at the rate of three miles an hour, and
did not increase its speed ; the bell upon the engine was constantly ring-
ing ; the track was clear of other obstructions ; he was a middle-aged
man, in possession of the senses of sight and hearing, and the power of
locomotion ; the employees on the engine were all on duty ; he remained'
on the track until struck by the pilot of the engine ; and there was noth--
ing to prevent him from stepping off the track at will.

*Held,* that the defendant may be liable for the wilful acts of its em-
ployees, and their conduct 'in the management of a train, where in-
jury results, may be given in evidence as tending to show that the injury·
was wilful

*Held.* also, that the deceased was guilty of negligence, and therefore the·
plaintiff could recover only by proving that the killing was wilful.

*Held,* also, that the fact that the deceased was struck and killed by the train,.
did not, under the circumstances, tend to prove that the killing was.
wilful.

*Held,* also, that it was the duty of the deceased to step off the track, and·
the presumption was that he would leave the track, at the last moment, at
least, before being struck, and those in charge of the train had a right to·
act upon that presumption until it might be too late to avoid contact.

SUPREME COURT.— *Practice.— When Verdict Will be Disturbed upon the*
*Evidence.*—In deciding whether a verdict is supported by the evidence,.
the rule of the Supreme Court is, not that such court must refrain from.·
disturbing the verdict of a jury upon the evidence, but that it will not.
disturb the verdict upon the mere weight of evidence which fairly·
tends to prove every fact necessary to justify the verdict.

From the Owen Circuit Court.

*C. M. Allen* and *A. G. Cavins,* for appellant.

*E. E. Rose, E. H. C. Cavins, S. Claypool, H. C. Newcomb,.*
and *W. A. Ketcham,* for appellee.

PERKINS, J.—The appellee was plaintiff in an action

against appellant to recover damages against defendant for killing William Alger.

The complaint alleged that the deceased was upon a railroad switch belonging to the defendant, in the town of Worthington, which switch was not used for the purpose of running the trains into said town, but was used for the purpose of switching off the cars and trains, after the same had been stopped at the depot of said town, and the public used the switch for a footway. While said Alger was on said switch the defendant did, on the 8th day of May, 1871, wilfully, carelessly and with gross negligence, run a locomotive and train upon and over and killed said Alger.

" Wilfulness and gross negligence " are distinctly charged in the second paragraph of the complaint.

A trial of the issues formed resulted in a verdict for plaintiff for four thousand five hundred dollars.

The jury found a general verdict, and also answered interrogatories. The defendant moved for judgment in its favor on the answers, notwithstanding the general verdict. This being overruled, the defendant moved for a new trial, which was overruled and judgment rendered upon the verdict for four thousand five hundred dollars and costs.

The facts touching the killing were these: Alger entered upon the railroad track, and walked upon it thirty yards, in front of a train, before the train struck him; the train was running at the rate of three miles an hour, and did not increase its speed; the bell upon the engine was constantly ringing; the track was clear of other obstructions; the deceased was a middle-aged man, in possession of the senses of sight and hearing and the power of locomotion; the employees on the engine were all on duty; the deceased remained on the track till struck by the pilot on the front of the engine; and there was nothing to prevent him from stepping off the track at will. As the

train was moving at the rate of but three miles an hour, less than the rate of speed at which men ordinarily walk upon a smooth land surface, deceased must have been moving very leisurely, and could, at any moment, by a side step or two, have left the track, while the locomotive and cars were compelled to continue on it. It is conceded by the appellee, that such contributory negligence was shown as precluded a recovery on account of simple negligence on the part of the railroad company. *The Terre Haute, etc., R. R. Co.* v. *Graham*, 46 Ind. 239. But, he says, " The second paragraph charges gross negligence and wilfulness, and we submit that the fact of the plaintiff being on the track of the defendant's road will not bar his right to recover for an injury resulting from the wilfulness or gross negligence of the defendant. None of the authorities go to such extent."

Conceding this proposition to be true, it remains for us to inquire whether there was any evidence from which the jury might have inferred such wilfulness. We discard the term gross negligence. Wilfully and purposely are preferable, as they have a more definite meaning, and the act done must come within that meaning. In *The Cincinnati, etc., R. R. Co.* v. *Eaton*, 53 Ind. 307, it is said : " It is alleged that the train was run ' recklessly and with gross negligence,' and that, by means of said ' reckless ness and gross negligence,' the engine ran against the deceased. This does not imply that the injury was inflicted either purposely or wilfully." In the case before us the word " wilfully" is used. The railroad company may be liable for the wilful acts of its employees, *The Jeffersonville R. R. Co.* v. *Rogers*, 38 Ind. 116 ; and their conduct in the management of the train, where injury results, may be given in evidence as tending to show that the injury was wilfully and purposely inflicted. The only fact, from which an inference that the injury in this case was so inflicted

The Indianapolis and Vincennes R. R. Co. *v.* McClaren, Administrator.

could have been drawn, was, that the managers of the train did not stop it, some little time before overtaking the deceased, and send hands enough to take him off the track, and hold him till the train passed.

The question of law is, was such the duty of the railroad company? If it was, it was so because the presumption is that a person on a railroad track, in front of an approaching train, will not leave the track, but remain upon it and be killed, if such person is not forcibly removed from it. If such is the general presumption, then it may be the duty of a railroad train to come to a dead stop at a distance far enough from a person observed upon the track to enable it to send a force and remove him from the track, before the train passes. This practice would necessarily render railroad transportation so slow as to lead to its abandonment, and a return to the old methods of transportation by muscular power, with the aid of wagons, etc., which vehicles may pass around and avoid obstructions in their path. We do not believe the general presumption is as above stated. We believe the presumption to be, that a trespasser upon a railroad track, when he discovers a train approaching, will, from a care of his personal safety, if not from a sense of duty, leave the track before the train reaches him, and that the managers of trains may act upon that presumption.

There is nothing in the evidence from which wilfulness could be inferred.

The judgment is reversed, with costs, and the cause remanded for a new trial.

### ON PETITION FOR A REHEARING.

PERKINS, J.—A petition for a rehearing has been filed in this case. It is said, by the petitioners, that the record in the cause presented but two questions:

1. Whether the court erred in overruling the motion of

the defendant for judgment in its favor on the answers of the jury to interrogatories; and,

2. Whether the verdict of the jury was sustained by the evidence.

It is further said, that the court failed to decide the first question, and decided the second erroneously.

, It is claimed, that, had this court held that the court below was right in overruling the defendant's motion for judgment on the answers to the interrogatories, it could not, by the rules of decision practised upon by this court, have reversed the judgment because the finding of the jury was not supported by evidence.

The following are the interrogatories and answers mentioned, propounded by the defendant:

"1st. At what speed was the train running when it struck the deceased?

"Ans. About three miles per hour.

"2d. Was the bell of the engine of the train ringing before and at the time deceased was struck?

"Ans. It was.

"3d. How long before the deceased was struck by the engine was the bell of the engine ringing?

"Ans. We do not know.

"4th. How far could the ringing of the bell on the engine be heard, at and immediately before the deceased was struck?

"Ans. Two hundred yards.

"5th. Could the deceased, by listening, have heard the bell of the engine ringing, before he was struck by the engine?

"Ans. He could.

"6th. Did the deceased hear the noise of the approaching train, in time to leave the track before he was struck?

"Ans. We do not know.

"7th. Could the deceased, by listening, have known that

a train was approaching, in time to have avoided the injury?

" Ans. He could.

"8th. Could the deceased have known, by looking, that a train was approaching, before he was struck by the engine ?

" Ans. He could.

"9th. Did deceased know that a train was approaching, at the time he was struck by the engine ?

" Ans. We do not know.

" 10th. Did deceased look to see if there was a train approaching, while he was walking on the track ?

" Ans. We think not.

" 11th. How far could the noise of the engine and train be heard, at and just before the time the deceased was struck by the engine ?

" Ans. Two hundred yards.

" 12th. Did the deceased know, before he was struck by the engine, that a train of cars was approaching ?

" Ans. It appears not..

" 13th. How far could an approaching train be seen, from the point where deceased was struck, going east ?

" Ans. From two to four miles.

" 14th. Was the deceased, at the time he was struck by the engine, in full possession of the senses of sight and hearing ?

" Ans. He was.

" 15th. Was not the death of the deceased caused by him supposing that the engine and train were running on the main track, and not on the switch ?

" Ans. We do not know his suppositions.

" 16th. Was not the death of deceased caused, in part, by deceased's supposing that the train was running on the main track, and not on the switch ?

" Ans. We do not know his suppositions."

We concede, for the purposes of this case, without de-

ciding, that the court did not err in overruling the motion of the defendant for judgment in its favor, on the answers to interrogatories, and proceed to the question whether the verdict was supported by the evidence.

In considering and deciding this question, the rule governing our final action is, not that we must abstain from disturbing the verdict of a jury upon the evidence, but that we should not, as a general rule, disturb such verdict upon the weight of the evidence, where the evidence fairly tends to prove every fact, the existence of which was necessary to justify the verdict. No case in this court enunciates a different rule from this. Now, what was, not only a fact, but the principal fact, which it was necessary for the plaintiff to prove, to entitle him to recover? As the deceased was guilty of negligence, the plaintiff could recover only by proving that the deceased was wilfully killed by the railroad company. *Jonesboro, etc., Turnpike Co.* v. *Baldwin*, 57 Ind. 86; *The Jeffersonville, etc., R. R. Co.* v. *Goldsmith*, 47 Ind. 43.

We have carefully re-read the evidence in this cause, while considering this petition for a rehearing, and are constrained to come to the same conclusion arrived at on its original examination and decision. The evidence does not tend to prove a wilful killing.

The simple fact that the deceased was struck and killed by the train, under the circumstances existing in this case, does not tend to prove that the killing was wilful. It was the duty of the deceased to have stepped off the track of the railroad; he could see his danger; his personal safety might depend upon his leaving the track; he had the ability to do so at will, while it was not in the power of the train to do so. The presumption was, that he would leave the track at the last moment, at least, before being struck; and it may be regarded as established law, that those in charge of the train had a right to act upon that

presumption till it might be too late to avoid contact. The train, it should be observed, was running very slowly, and its speed was not increased as it neared the deceased, whereby he might have been surprised and confused. *The Citizens, etc., R. W. Co.* v. *Carey,* 56 Ind. 396 ; *The Bellefontaine R. W. Co.* v. *Hunter,* 33 Ind. 335 ; *The Lafayette, etc., R. R. Co.* v. *Huffman,* 28 Ind. 287 ; *The Lafayette, etc., R.R. Co.* v. *Adams,* 26 Ind. 76 ; *Mulherrin* v. *Delaware, etc., R.R.Co.,* 81 Pa. State, 366 ; *The Terre Haute, etc., R.R.Co.* v. *Graham,* 46 Ind. 239 ; *The Jeffersonville, etc., R. R. Co.* v. *Goldsmith,* 47 Ind. 43.

The petition for a rehearing is overruled.

Original opinion filed at November term, 1877.
Opinion on petition for a rehearing filed at November term, 1878.