McClaren, Adm'r, *v.* The Indianapolis and Vincennes Railroad Company.

No. 9261.

McCLAREN, ADMINISTRATOR, *v.* THE INDIANAPOLIS AND VINCENNES RAILROAD COMPANY.

PRACTICE.—*Directing Verdict.—Evidence.*—Where the evidence, being without contradiction, fails to prove a cause of action, the court after the retirement of the jury may recall it, withdraw all instructions previously given and interrogatories submitted, and direct a verdict for the defendant.

SAME.—*Jury.—Polling.*—Where a verdict is given as directed by the court, there is no right to poll the jury.

SAME.—*Railroad.—Personal Injury.—Negligence.*—In a suit against a railroad company for injuring one on the track by a running train, where there is no conflict of evidence, and it appears that the injury was not wilful, and that the negligence of the deceased contributed to it, the court may direct a verdict for the defendant.

From the Owen Circuit Court.

*W. R. Harrison* and *I. H. Fowler,* for appellant.

*S. O. Pickens,* for appellee.

BICKNELL, C. C.—This case was first tried several years ago, and was brought to this court on an appeal from a judgment in favor of the plaintiff.

The judgment was reversed and the cause was remanded for a new trial.

The facts were, substantially, that the injured party was walking, in the town of Worthington, on a switch of the defendant, which had been used, not for the passage of through trains, but for switching off cars and trains after they had reached the depot; the people had been using said switch as a footway, without objection by the defendant.

The injured party was going towards the depot, and a train was coming behind him on its way to the depot; it was a through freight train with a caboose attached; the main track had been obstructed by the moving of a frame house; the train took the switch and came on behind the man, ringing its bell as usual; he remained on the switch; the engine struck him and killed him; at the place where he was struck the

main track and the switch were about eight feet apart; he did not look around; he may have thought that the train was on the main track; the train was moving slowly, preparatory to stopping; it made no stop until after the accident; the whistle for stopping and the scream of the man were simultaneous.

The complaint was in two paragraphs. The first charged negligence only; the second charged a wilful killing.

In the decision of the former appeal, *Indianapolis, etc., R. R. Co.* v. *McClaren*, 62 Ind. 566, this court said: "The only fact, from which an inference that the injury in this case was so inflicted could have been drawn, was, that the managers of the train did not stop it, some little time before overtaking the deceased, and send hands enough to take him off the track, and hold him till the train passed. The question of law is, was such the duty of the railroad company? If it was, it was so because the presumption is that a person on a railroad track, in front of an approaching train, will not leave the track, but will remain upon it and be killed. * * * We do not believe the general presumption is as above stated. We believe the presumption to be, that a trespasser upon a railroad track, when he discovers a train approaching, will, from a care of his personal safety, if not from a sense of duty, leave the track before the train reaches him, and that the managers of trains may act upon that presumption."

The judgment was reversed, because the evidence failed to show wilful negligence in the defendant, and did show contributory negligence in the deceased. Upon a petition for a rehearing this court said: "It was the duty of the deceased to have stepped off the track of the railroad; he could see his danger; his personal safety might depend upon his leaving the track; he had the ability to do so at will, while it was not in the power of the train to do so. The presumption was, that he would leave the track at the last moment, at least, before being struck; and it may be regarded as established law, that those in charge of the train had a right to act upon that presumption till it might be too late to avoid contact."

The law is, that between stations and public crossings a railroad track belongs exclusively to the railroad company, and that all persons who walk, ride, or drive thereon are trespassers, and if such persons do so at the sufferance or by the permission of the company, they do so subject to the risks incident to so hazardous an undertaking, and if injured by a train of the company there is no liability, unless the injury was wilful. *Jeffersonville, etc., R. R. Co.* v. *Goldsmith,* 47 Ind. 43. It appears by the record in the present appeal that the cause was tried by a jury, who, under the direction of the court below, found a verdict for the defendant.

The appellant, in his brief, makes the following statement: " What we insist upon is: *First.* That the plaintiff was not in fault, and was not chargeable with contributory negligence, except as induced by the defendant, which the defendant is, therefore, estopped to insist upon, and certainly not so chargeable as to justify the court in wresting the case from the jury. *Second.* That there was evidence adduced by plaintiff strongly tending to show such gross negligence, recklessness and wilfulness in the act of running down the defendant, that it was a most obvious error in the court to take the case from the jury and compel a verdict for the defendant." Then follows the conclusion of the brief, thus: " There are many points reserved in the record by exceptions to instructions given by the court, refusing instructions asked by plaintiff, withdrawing instructions, interrogatories, etc., but all these are, to some extent, dwarfed and swallowed up in the final act of the court in taking the case summarily from the jury and rendering judgment for the defendant."

Upon this presentation of the case, there being no discussion of the instructions, etc., in the brief, the questions now to be determined are:

*First.* Is there any substantial difference between the evidence given on the last trial and the evidence which this court,

on the former appeal, held to be insufficient to warrant a verdict for the plaintiff?

*Second.* Was there any error in the action of the court below in bringing the jury into court after they had retired to consider of their verdict, and withdrawing from them the instructions and interrogatories previously given to them, and directing them to return a verdict for the defendant?

*Third.* Was there any error in refusing to poll the jury on demand of the plaintiff?

The appellant claims that the evidence was substantially different on the last trial from that given on the first trial, in twelve distinct particulars; but a close examination will show that there is no material difference in the testimony upon the two trials, and that, under the decision of this court in 62 Ind. 566, *supra,* there can be no recovery for the plaintiff in the case at bar, because the evidence shows conclusively that there was contributory negligence in the deceased, and no wilful killing by the defendant.

The bill of exceptions shows, that after the jury had retired to consider of their verdict, the court, of its own motion, brought the jury back into open court, and of its own motion gave them the following instruction:

"Gentlemen.—All the instructions heretofore given you, and the interrogatories submitted to you, are now withdrawn, and I give you instead thereof, the following instruction: $1\frac{1}{2}$. In this case there is no dispute or conflict in the evidence upon the following facts: That the deceased was, at the time he was injured, walking upon the track of the defendant's railroad; that he was in full possession of his faculties and senses of sight and hearing and locomotion; that the train came up behind him ringing the bell of the engine; that the train was running not to exceed six miles per hour; that the deceased remained upon the track until he was struck and injured; these acts on the part of the deceased contributed materially to his injury. There is no evidence in this case showing, or tending to show, a wilfulness or purpose on the part of the

engineer to run upon or over the deceased. Under this state. of facts you must find for the defendant; your verdict, therefore, will be for the defendant."

And, without permitting the jury to retire to their room, the court, in open court, prepared a verdict and directed the foreman of the jury to sign it, which the foreman did, and the verdict was as follows:

"We, the jury, find for the defendant.

"WILLIAM FOREMAN, foreman."

And then and there the plaintiff requested that the jury be polled, which request was refused by the court, and the court then and there discharged the jury and rendered judgment upon the verdict.

Here was no irregular communication between the judge and the jury out of court; the jury was brought into open court and into the presence of the counsel in the cause. The court had a right thus to bring the jury back to withdraw from them erroneous or unnecessary instructions, and to give other instructions. *Jones* v. *VanPatten*, 3 Ind. 107; *Hall* v. *State*, 8 Ind. 439.

As to the interrogatories, the general rule is, that, where interrogatories, not liable to be objected to as a whole, have been properly submitted to a jury, they can not be withdrawn by the court over the objection of the party at whose request they were submitted. *Otter Creek Block Coal Co.* v. *Raney*, 34 Ind. 329. Ordinarily, either party may demand that such interrogatories shall be answered, and thereupon the jury must be kept together until the interrogatories are fully answered and signed by the foreman of the jury. *Sage* v. *Brown*, 34 Ind. 464. But where the interrogatories are entirely unnecessary, as where, under the evidence, there is no cause of action, and the court is, therefore, authorized to direct a verdict for the defendant, there the withdrawal of the interrogatories, which, in such a case, should not have been submitted to the jury, is not error. If the evidence authorizes the court to direct the verdict, it authorizes the withdrawal of the inter-

McClaren, Adm'r, v. The Indianapolis and Vincennes Railroad Company.

rogatories. The court may rightfully direct a verdict for the defendant in a case of this kind, where there is uncontradicted evidence of contributory negligence in the person injured, and no wilfulness in the defendant. *Weis* v. *City of Madison,* 75 Ind. 241 (39 Am. R. 135), and the cases there cited.

According to the principles of law declared by this court on the former appeal of this case, there was no evidence submitted to the jury upon the second trial which showed any cause of action in the plaintiff. It was, therefore, the duty of the court below to direct the jury to find for the defendant. *Dodge* v. *Gaylord,* 53 Ind. 365; *Steinmetz* v. *Wingate,* 42 Ind. 574; *Hynds* v. *Hays,* 25 Ind. 31; *Porter* v. *Millard,* 18 Ind. 502.

As to the refusal to poll the jury, the statute declares that "either party may poll the jury." R. S. 1881, sec. 544. This plainly contemplates cases where the jury has returned a verdict upon its own deliberation. Polling the jury is but a means of obtaining the sense, in open court, of each individual juror, as to the correctness of the verdict rendered. *Joy* v. *State,* 14 Ind. 139.

Where the verdict is returned by the jury, not upon their own deliberation, but under the lawful direction of the court, the statute above cited is not applicable. In such a case it would be useless to poll the jury; their opinions would amount to nothing, and they should not be called upon to express them.

There was no error in refusing to poll the jury, and we find no error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.