Filed March 7, 1884.

———————————◆———————————

No. 11,207.

The Indiana, Bloomington and Western Railway Company v. Burdge.

RAILROADS.—*Pleading.—Negligence.—Personal Injury.*—In a suit against a railroad company by a passenger for personal injury, a complaint which alleges that the injury was the result of an act of the company's servant performed in a " *wilful,* reckless, careless and unlawful manner," and fails to aver that there was no contributory negligence by the plaintiff, is good on demurrer.

SAME.— *Wilful Injury.—Evidence.*—In such case, if there be no evidence tending to prove that the injury was wilful, the plaintiff can not recover.

From the Superior Court of Marion County.

*C. W. Fairbanks, A. C. Harris* and *W. H. Calkins,* for appellant.

*E. A. Parker,* for appellee.

BICKNELL, C. C.—The complaint of the appellee alleged that the plaintiff, who was a day laborer, took passage on one of the defendant's trains at the Western Elevator, west of White river, in Marion county, intending to ride thereon to the Union depot, in Indianapolis; that he paid his fare; that it was the custom of such passengers on said train, with the knowledge and consent of those in charge of the train, to ride upon the platforms outside of the car, and pay their fares there; that plaintiff, in accordance with such custom, and with such knowledge and consent, was standing on such a platform; that in the corporate limits of the city of Indianapolis, and while the speed of the train was more than ten miles an hour, the train was almost entirely stopped to give time for the adjustment of a switch, and that immediately after such adjustment the defendant's engineer on said train, in a wilful, reckless, careless and unlawful manner, let on such a volume of steam to the engine as caused said train to jump and jerk into immediate movement at a very high and unlawful rate of speed in said city, whereby the plaintiff, without his fault, was thrown violently to the ground and his collar bone was broken, and other personal injuries were by him sustained, to his damage $5,000.

A demurrer to this complaint, for want of facts sufficient, was overruled. The defendant answered by a general denial. A jury, at the special term, returned a verdict for the plaintiff for $250. The defendant's motion for a new trial was overruled; judgment was rendered on the verdict. The defendant appealed to the superior court in general term, assigning for error there the overruling of the demurrer to the complaint and the overruling of the motion for a new trial. The court, in general term, affirmed the judgment of the court in special term. The defendant appeals to this court, and assigns for error here the affirmance by the superior court in general term of the judgment at the special term. As the complaint charges a wilful injury, it presents no question as to contributory negligence. *Terre Haute, etc., R. R. Co. v.*

*Graham,* 46 Ind. 239; *Jeffersonville, etc., R. R. Co.* v. *Gold-smith,* 47 Ind. 43; *Evansville, etc., R. R. Co.* v. *Lowdermilk,* 15 Ind. 120. A railroad company may be liable for the wilful acts of its employees, within the scope of their employment. *Jeffersonville R. R. Co.* v. *Rogers,* 38 Ind. 116 (10 Am. R. 103); *Indianapolis, etc., R. R. Co.* v. *McClaren,* 62 Ind. 566. There was no error in overruling the demurrer to the complaint.

The principal question arising on the motion for a new trial is, was the verdict sustained by sufficient evidence? A verdict can not be disturbed where there is any competent evidence tending to support it. Under the allegations of the complaint here, there could be no recovery unless the injury were proved to have been wilful. We think there was no evidence tending to show a wilful injury.

The plaintiff testified: "After they run through into the east end of the bridge they slacked up to throw the switch; they did not stop right still; they stopped very near still; and as quick as the switch was turned they made a surge and went off with a quick start. I had my right hand hold of the rail as they made the surge, and it threw me off on this side of the switch.  *   *   *   *   It stopped just all at once; you may say it started the same way; * * * it jerked every one that was on the train; * * * it gave the train a jerk, and throwed me off. I could not hold; it jerked so quick that it broke my hold and throwed me off on the side of the track. I was there a minute or two until I got up; it broke my collar bone, and I was hurt all through. There were three persons on the platform; nobody was thrown off but me; the train was then running at the rate of ten miles an hour." Upon cross-examination the following question was put to the plaintiff: "If I understand you, what you mean to say is, that the train came across the bridge at the rate of eight or ten miles an hour, and without slacking much, and then they put on steam and jumped off so rapidly as to loosen your hold of your hand on the platform rail and throw you

headlong into the ditch?" Answer. "Yes, sir." The foregoing was the testimony on behalf of the plaintiff as to the manner of the injury.

There was evidence on behalf of the defendant that the plaintiff told one Greiner, shortly after the accident, "that he wanted to get off at West street; the train slacked up and he was on the platform and wanted to get off, and just at the moment he was going to get off they pulled out at full speed, and the pull throwed him off." This conversation was denied by the plaintiff.

The foregoing testimony was all that gave a description of the manner of the injury. It certainly has no tendency to prove wilfulness. There is no element of wilfulness in it. *Indianapolis, etc., R. R. Co.* v. *McClure*, 26 Ind. 370. As it was necessary, under the allegations of the complaint, to prove a wilful injury, in order to recover, it follows that the verdict was not sustained by sufficient evidence. The court, therefore, erred in overruling the motion for a new trial. As this result will require the reversal of the judgment, we need not consider the other reasons for a new trial.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things, reversed, at the costs of the appellee, and this cause is remanded for a new trial.

Filed March 8, 1884.