Boyd *v.* Brown *et al.*

Filed Oct. 18, 1889.

No. 13,335.

## BOYD *v.* BROWN ET AL.

VERDICT.— *When Court May Direct for Defendant.*—Where there is no evidence to support a verdict in favor of the plaintiff, the court may properly direct the jury to return a verdict for the defendant.

ATTACHMENT AND GARNISHMENT.—*Attorney's Fees.*— Money paid by a debtor to his attorneys for services to be rendered by them in defending an action against him, is not subject to garnishment in a proceeding ancillary to the main action.

SAME.—*Money Paid under Contract.*—Money paid by a debtor to another in pursuance of a contract whereby the latter undertakes to build a house upon land belonging to the debtor's wife, becomes the property of the contractor, and is not subject to garnishment at the suit of the debtor's creditors.

From the Hancock Circuit Court.

*J. A. New, J. W. Jones, I. P. Poulson* and *W. F. McBane,* for appellant.

*C. G. Offutt, E. Marsh* and *W. W. Cook,* for appellees.

COFFEY, J.—This suit was instituted by the appellant against the appellee, Adam T. Brown, in the Hancock Circuit Court, on a promissory note. As ancillary to the main

action an attachment was sued out and the other appellees were garnished.

The affidavit in attachment charges that the defendant, Adam T. Brown, is about to sell, convey, and otherwise dispose of his property subject to execution, with the fraudulent intent to cheat, hinder, and delay his creditors.

The affidavit in garnishment charges that the appellee Smith has property in his possession, or under his control, belonging to the appellee Brown, which the sheriff can not attach, placed there by the said Brown to cheat and defraud his creditors.

The affidavit in garnishment against the other defendants charges that they have money or other property in their hands belonging to the defendant Brown, placed there after the writ of attachment was served on the appellee Brown.

The cause being at issue was submitted to a jury for trial, and at the conclusion of the evidence for the appellant the court instructed the jury to return a verdict for the defendants as to the attachment proceedings, and the appellant excepted.

Several errors are assigned, but as counsel, in their brief, urge but one, viz., the overruling of the motion for a new trial, we need not set out or consider the others. It is urged by the appellant that the court erred in instructing the jury that there was not sufficient evidence in the cause to support the proceeding in attachment, and that, therefore, they should return a verdict for the defendants as to that branch of the cause.

It appears from the evidence in the cause that for some years prior to the commencement of this suit, and at that time, the appellee Brown was largely indebted to the appellant. A few days prior to the commencement of this suit, the appellee Brown was granted a pension by the United States government in the sum of $1,051.07, on account of disabilities contracted as a soldier in the army. He delivered the check for this amount of pension money to the appellee

Smith, who deposited the same to his own credit with the Greenfield Banking Company. Prior to the time that Brown received the check for his pension he had entered into a contract with the appellee Smith, by the terms of which the said Smith agreed to furnish the material and construct a house on the land of Brown's wife for the sum of $600. It was agreed between them at the time the check was delivered to Smith that he was to retain $600 of the proceeds thereof as pay for building said house, and was to pay to Brown the remainder. At the time the writ of garnishment was served on Smith he had drawn from the bank the $600 due to him and had expended it, and was engaged in the building of the house pursuant to the contract with Brown, and had already expended about $300 for the work and material used in its construction up to that date. He had also paid to Brown the remainder of the proceeds of said check. The money sought to be reached in the hands of the other garnishee defendants is money paid them by Brown as attorney fees in this action. Until Brown received his pension money he was regarded as insolvent, and there is no evidence that the writ of attachment was levied upon any property belonging to him.

There is evidence in the record tending to prove that it was the intention and desire of the appellee Brown to keep his pension money from his creditors. Upon these facts the court instructed the jury to return a verdict for the defendants as to the attachment proceeding, and in this we think the court did not err.

Where there is no evidence to support a verdict in favor of the plaintiff, it is not error for the court to direct the jury to return a verdict for the defendant. *McClaren* v. *Indianapolis, etc., R. R. Co.,* 83 Ind. 319; *Dodge* v. *Gaylord,* 53 Ind. 365; *Steinmetz* v. *Wingate,* 42 Ind. 574; *Koerner* v. *State,* 98 Ind. 7.

As there could be no order entered in the case for the sale of property, as none had been attached, the only question

left, so far as the attachment proceeding was concerned, related to the charge that the garnishee defendants had money or property in their hands belonging to the defendant Brown. We know of no rule by which Brown's attorneys could be required to part with the fees they had received for defending this case. They owed him their services as attorneys, it is true, but they owed him no money, neither did they have in their possession any money or property which belonged to him. Nor can it be said that Smith was indebted to Brown in any sum of money, or had under his control any money or property which belonged to him.

When Brown paid Smith the $600 in consideration of his agreement to furnish the material and build a house, the money became the property of Smith, and Brown had no right to demand of him the payment of any money, if he complied with his contract to build the house. There was, therefore, nothing in the cause upon which any decree or order in the attachment proceeding could be made, and for this reason it was proper for the court to instruct the jury to return a verdict for the defendants as to the attachment proceedings.

Judgment affirmed.

Filed Oct. 18, 1889.